AO 243 (Rev. 09/17)

# Motion to Vacate, Set Aside, or Correct a Sentence
# By a Person in Federal Custody

## (Motion Under 28 U.S.C. § 2255)

### Instructions

1. To use this form, you must be a person who is serving a sentence under a judgment against you in a federal court. You are asking for relief from the conviction or the sentence. This form is your motion for relief.

2. You must file the form in the United States district court that entered the judgment that you are challenging. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file the motion in the federal court that entered that judgment.

3. Make sure the form is typed or neatly written.

4. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5. Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit any legal arguments, you must submit them in a separate memorandum. Be aware that any such memorandum may be subject to page limits set forth in the local rules of the court where you file this motion.

6. If you cannot pay for the costs of this motion (such as costs for an attorney or transcripts), you may ask to proceed *in forma pauperis* (as a poor person). To do that, you must fill out the last page of this form. Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you.

7. In this motion, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different judge or division (either in the same district or in a different district), you must file a separate motion.

8. When you have completed the form, send the original and **2** copies to the Clerk of the United States District Court at this address:

    **Western Division**
    **Room 242, Federal Building**
    **167 North Main Street**
    **Memphis TN 38103**

    If you want a file-stamped copy of the petition, you must enclose an additional copy of the petition and ask the court to file-stamp it and return it to you.

9. **CAUTION: You must include in this motion all the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this motion, you may be barred from presenting additional grounds at a later date.**

10. **CAPITAL CASES: If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.**

AO 243 (Rev. 09/17)

## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT

### SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District | Western | |
|---|---|---|---|
| Name *(under which you were convicted)*:<br>Malik Williams | | | Docket or Case No.:<br>2:20-cr-20031 |
| Place of Confinement:<br>201 Poplar Ave, Memphis, TN, 38103 | | Prisoner No.:<br>31922-076 | |
| UNITED STATES OF AMERICA | V. | Movant *(include name under which convicted)*<br>Malik Williams | |

### MOTION

1.  (a) Name and location of court which entered the judgment of conviction you are challenging:
    Federal Court of the Western District of Tennessee
    167 North Main Street
    Memphis, TN, 38103

    (b) Criminal docket or case number (if you know): 2:20-cr-20031-1

2.  (a) Date of the judgment of conviction (if you know): September 9, 2022
    (b) Date of sentencing: September 9, 2022

3.  Length of sentence: 228 months

4.  Nature of crime (all counts):
    2 counts of Aiding and Abetting-Robbery Affecting Interstate Commerce
    2 counts of Aiding and Abetting-Using, Carrying, and Brandishing Firearm During and in Relation to a Crime
    of Violence

5.  (a) What was your plea? (Check one)
    (1) Not guilty ✔         (2) Guilty ☐         (3) Nolo contendere (no contest) ☐

6.  (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment,
    what did you plead guilty to and what did you plead not guilty to?
    Defendant went to Trial as to all Counts.

6.  If you went to trial, what kind of trial did you have? (Check one)          Jury ✔          Judge only ☐

7.  Did you testify at a pretrial hearing, trial, or post-trial hearing?          Yes ☐          No ✔

AO 243 (Rev. 09/17)

8.  Did you appeal from the judgment of conviction?      Yes ✔      No ☐

9.  If you did appeal, answer the following:

    (a) Name of court: 6th Circuit Court of Appeals

    (b) Docket or case number (if you know): 22-5806

    (c) Result: Affirmed

    (d) Date of result (if you know): 11/16/2023 *Petition to Rehear Denied*

    (e) Citation to the case (if you know):   United States v. Malik Williams, No. 22-5806 (6th Cir. 2023)

    (f) Grounds raised:
    Error in rejecting plea bargain;
    Error in admitting evidence regarding home invasion;
    Error in failing to permit State counsel to assist in the federal case;
    Error in jury instructions; and
    Error in not taking withdrawn guilty plea into account at sentencing.

    (g) Did you file a petition for certiorari in the United States Supreme Court?      Yes ☐      No ✔

        If "Yes," answer the following:

        (1) Docket or case number (if you know): N/A

        (2) Result: N/A

        (3) Date of result (if you know):     *N/A*

        (4) Citation to the case (if you know):  N/A

        (5) Grounds raised:
        N/A

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
    Yes ☐      No ✔

11. If your answer to Question 10 was "Yes," give the following information:

    (a) (1) Name of court:  N/A

        (2) Docket or case number (if you know):  N/A

        (3) Date of filing (if you know):     *N/A*

AO 243 (Rev. 09/17)

    (4)  Nature of the proceeding:  N/A

    (5)  Grounds raised:

N/A

    (6)  Did you receive a hearing where evidence was given on your motion, petition, or application?  *N/A*

        Yes ☐    No ☐

    (7)  Result:  *N/A*

    (8)  Date of result (if you know):  *N/A*

(b)  If you filed any second motion, petition, or application, give the same information:

    (1)  Name of court:  N/A

    (2)  Docket of case number (if you know):  N/A

    (3)  Date of filing (if you know):  *N/A*

    (4)  Nature of the proceeding:  *N/A*

    (5)  Grounds raised:

N/A

    (6)  Did you receive a hearing where evidence was given on your motion, petition, or application?  *N/A*

        Yes ☐    No ☐

    (7)  Result:  N/A

    (8)  Date of result (if you know):  *N/A*

(c)  Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?  *N/A*

    (1)  First petition:    Yes ☐    No ☐

    (2)  Second petition:    Yes ☐    No ☐

(d)  If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

N/A

AO 243 (Rev. 09/17)

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** Ineffective Counsel for Failue to Request Formal Findings of Fact Regarding Home Invasion

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
The Trial Court failed to do the proper 403 and 404(b) analysis required by law before allowing the jury to hear evidence and proof of other crimes and criminal conduct. Trial counsel failed to request this analysis or object to the fact that the analysis did not occut.

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☑

(2) If you did not raise this issue in your direct appeal, explain why:

Defendant did raise the issue regarding the failure to conduct a proper 403 or 404(b) analysis on appeal, but the appeal focused on the errors of the trial court since it was a direct appeal of the trial court's rulings.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐   No ☑

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:   N/A

Name and location of the court where the motion or petition was filed:
N/A

Docket or case number (if you know):   N/A

Date of the court's decision:   N/A

Result (attach a copy of the court's opinion or order, if available):
N/A

(3) Did you receive a hearing on your motion, petition, or application?   N/A

Yes ☐   No ☐

AO 243 (Rev. 09/17)

(4) Did you appeal from the denial of your motion, petition, or application?  $N/A$

Yes ☐   No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?  $N/A$

Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
N/A

Docket or case number (if you know): N/A

Date of the court's decision:   $N/A$

Result (attach a copy of the court's opinion or order, if available):
N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:
N/A

GROUND TWO: Ineffective Counsel for Failure to Exclude Jennifer Meadows Apartment Videos to Show Identity

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The Trial Court failed to do the proper 403 and 404(b) analysis required by law before allowing the jury to view video evidence regarding the Jennifer Meadows Apartment. Trial counsel failed to request this analysis or object to the fact that the analysis did not occur.

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☑

AO 243 (Rev. 09/17)

(2)  If you did not raise this issue in your direct appeal, explain why:

Defendant did raise the issue regarding the failure to conduct a proper 403 or 404(b) analysis on appeal, but the appeal focused on the errors of the trial court and not defense counsel since it was a direct appeal regarding the errors of the trial court.

(c)  **Post-Conviction Proceedings:**

(1)  Did you raise this issue in any post-conviction motion, petition, or application?  *N/A*

Yes ☐      No ☐

(2)  If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed:
N/A

Docket or case number (if you know): N/A

Date of the court's decision:     *N/A*

Result (attach a copy of the court's opinion or order, if available):
N/A

(3)  Did you receive a hearing on your motion, petition, or application?  *N/A*

Yes ☐      No ☐

(4)  Did you appeal from the denial of your motion, petition, or application? *N/A*

Yes ☐      No ☐

(5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?  *N/A*

Yes ☐      No ☐

(6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
N/A

Docket or case number (if you know): N/A

Date of the court's decision:     *N/A*

Result (attach a copy of the court's opinion or order, if available):
N/A

(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:
N/A

AO 243 (Rev. 09/17)

**GROUND THREE:** Ineffective Counsel for Allowing Sgt. Marcus Kirkwod to Testify how the gun was Found

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Defense counsel failed to object to, or request a curative instruction and instead allowed Sgt. Kirkwood to testify regarding irrelevant and prejudicial facts of other crimes when he testified: how the gun was loaded when it was recovered; and it had 8 spent shell casings. The trial court also admitted that it never gave a limiting instruction.

(b) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐    No ☑

(2) If you did not raise this issue in your direct appeal, explain why:

Defendant did raise the issue regarding the failure to conduct a proper 403 or 404(b) analysis on appeal, but the appeal focused on the errors of the trial court and not defense counsel since it was a direct appeal.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application? *N/A*

Yes ☐    No ☐

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed:
N/A

Docket or case number (if you know): N/A

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):
N/A

(3) Did you receive a hearing on your motion, petition, or application?  *N/A*

Yes ☐    No ☐

(4) Did you appeal from the denial of your motion, petition, or application? *N/A*

Yes ☐    No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal? *N/A*

Yes ☐    No ☐

AO 243 (Rev. 09/17)

(6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
N/A

Docket or case number (if you know): N/A

Date of the court's decision:  $N/A$

Result (attach a copy of the court's opinion or order, if available):
N/A

(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:
N/A

**GROUND FOUR:** Ineffective Counsel for Allowing the Government to Discuss Excluded Facts

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

Defense Counsel failed to prevent the Government from presenting highly prejudicial facts and statements regarding evidence that the trial court excluded from coming in.  Specifically, the Government proceeded to tell the jurors that Ms. Henderson from the State case seen a gun, and two individuals with guns in her face told her: We want that money. Give me your money.  The Government then went on to state that they walked her into the apartment to get the money, after already stating that they had guns in her face.  The Government stated that she ran to the back and all you hear for a few seconds, "pow, pow, pow, pow."  Then, during the Trial, the Government called Darnesha Henderson fromthe State Case. The Government had her testify that she was approached by two men with guns. She testified that she was asked for money, orderedout of her car, and into her apartment. Ms. Henderson further testified that she ran immediately to her kids' room, and then she heard shots fired. She also testifiedthat her hands were up so that people could see that she was in distress and that she needed help.

(b)  **Direct Appeal of Ground Four:**

(1)  If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐     No ☑

(2)  If you did not raise this issue in your direct appeal, explain why:

Defendant raised the issue that the evidence should not have come in as error from the trial court, but did not raise any issues of ineffective counsel since it was a direct appeal regarding the errors of the trial court.

(c)  **Post-Conviction Proceedings:**

(1)  Did you raise this issue in any post-conviction motion, petition, or application?  N/A
Yes ☐     No ☐

(2)  If you answer to Question (c)(1) is "Yes," state:

**GROUND FIVE:**     Ineffective Counsel for Failing to Provide Adequate Assistance Regarding the State Case

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Defense counsel failed to seek or rely on the assistance of State counsel to assist Defendant with the State court case regarding the Jennifer Meadows Apartment after it became apparent that sufficient evidence and testimony was going to be included regarding that matter. In addition, defense counsel was not familiar with the State court proceedings to know how the evidence coming in was going to impact Defendant on his State case. Defense counsel made comments that Defendant was in fact guilty on the State case.

(b) **Direct Appeal of Ground FIVE:**

(1)   If you appealed from the judgment of conviction, did you raise this issue?

Yes [ ]          [X]

(2)   If you did not raise this issue in your direct appeal, explain why:

Defendant raised the issue that the trial court did not provide him with counsel for his State court matter even though Defendant wanted representation, but did not focus on the ineffectiveness of trial counsel as it was a direct appeal regarding the errors of the trial court.

(c) **Post-Conviction Proceedings:**

(1)   Did you raise this issue in any post-conviction motion, petition, or application?  *N/A*

Yes [ ]        No [ ]

(2)   If you answer to Question (c)(1) is "Yes," state:

AO 243 (Rev. 09/17)

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed:
N/A

Docket or case number (if you know): N/A

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):
N/A

(3)  Did you receive a hearing on your motion, petition, or application? N/A
     Yes ☐      No ☐

(4)  Did you appeal from the denial of your motion, petition, or application? N/A
     Yes ☐      No ☐

(5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal? N/A
     Yes ☐      No ☐

(6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
N/A

Docket or case number (if you know): N/A

Date of the court's decision:      N/A

Result (attach a copy of the court's opinion or order, if available):
N/A

(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this
issue:
N/A

**GROUND SIX:**   Ineffective Counsel for Failing to Provide Adequate Assistance Regarding the State Case

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Defense counsel failed to seek or rely on the assistance of State counsel to assist Defendant with the State court case regarding the Jennifer Meadows Apartment after it became apparent that sufficient evidence and testimony was going to be included regarding that matter. In addition, defense counsel was not familiar with the State court proceedings to know how the evidence coming in was going to impact Defendant on his State case. Defense counsel made comments that Defendant was in fact guilty on the State case.

(b) **Direct Appeal of Ground SIX:**

(1)  If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐          ☒

(2)  If you did not raise this issue in your direct appeal, explain why:

Defendant raised the issue that the trial court did not provide him with counsel for his State court matter even though Defendant wanted representation, but did not focus on the ineffectiveness of trial counsel as it was a direct appeal regarding the errors of the trial court.

(c) **Post-Conviction Proceedings:**

(1)  Did you raise this issue in any post-conviction motion, petition, or application?   *N/A*

Yes ☐          No ☐

(2)  If you answer to Question (c)(1) is "Yes," state:

AO 243 (Rev. 09/17)

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed:
N/A

Docket or case number (if you know): N/A

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):
N/A

(3)   Did you receive a hearing on your motion, petition, or application? N/A
      Yes ☐   No ☐

(4)   Did you appeal from the denial of your motion, petition, or application? N/A
      Yes ☐   No ☐

(5)   If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal? N/A
      Yes ☐   No ☐

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available):
N/A

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:
N/A

**GROUND SEVEN:**   Ineffective Counsel for Failing to Request Proper and Complete Jury Instructions

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Defense counsel failed to seek a full and complete jury instruction. Once the district court found that the evidence from the State case was admissible under 404(b), then it was required to carefully identify in its instructions to the jury the specific factor named in the rule that is relied upon to justify admission of the other acts evidence, explain why that factor is material, and warn jurors against using the evidence to draw inferences expressly forbidden by 404(b). The jury instruction asserted that the jurors could use the evidence as it relates to Appellant's intent, plan, or identity. However, the trial court then failed to define any of those key terms. There was also no jury instruction on res gestae, intent, plan, or identity. The district court even went on to admit that it never gave the jurors a limiting instruction regarding the State Case testimony and evidence. The jury instructions were also flawed as it related to the instruction on Reasonable Doubt. In the Jury Instruction, the district court informed the jurors that proof beyond a reasonable doubt does not mean proof beyond all doubt, and that possible doubts or doubts based purely on speculation are not reasonable doubts. This instruction is unclear and ambiguous when reviewed with the other instructions, and when reviewed in the context of what happened in this case. For one, the term "speculation" is not defined. The jurors were instructed to use their common sense, and were also instructed that they could make reasonable inferences. Id. at 665. It is unclear to any reasonable person what the difference between "speculation" and "reasonable inference" is. The district court initially admitted that it did not get intent, motive, or plan from the State Case. Again, when the evidence was admitted it was admitted under res gestae. However, even under that limited purpose the Government presented improper evidence that clearly prejudiced Appellant. The trial court's analysis was under the analysis for res gestae evidence. Defendant strategically did not make certain objections, or did not ask certain questions because the evidence was coming in as res gestae, which is a very different strategy than if the evidence is coming in for identity, intent, or plan. Defendant was severely hampered when the district court allowed the basis in which the evidence was coming in to continuously change, all while not doing the proper analysis, or providing the proper limiting instructions to the jurors to prevent prejudice and defense counsel did not object to this.

(b) **Direct Appeal of Ground SEVEN:**

(1)  If you appealed from the judgment of conviction, did you raise this issue?
Yes [ ]          [X]

(2)  If you did not raise this issue in your direct appeal, explain why:

Defendant raised the issue that the trial court did not provide the jurors with the correct jury instructions but did not make allegations of ineffective counsel on the direct appeal because the appeal focused on trial court errors.

(c) **Post-Conviction Proceedings:**

(1)  Did you raise this issue in any post-conviction motion, petition, or application?   *N/A*
Yes [ ]      No [ ]

(2)  If you answer to Question (c)(1) is "Yes," state:

AO 243 (Rev. 09/17)

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed:
N/A

Docket or case number (if you know): N/A

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):
N/A

(3)  Did you receive a hearing on your motion, petition, or application? *N/A*
     Yes ☐     No ☐

(4)  Did you appeal from the denial of your motion, petition, or application? *N/A*
     Yes ☐     No ☐

(5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal? *N/A*
     Yes ☐     No ☐

(6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
N/A

Docket or case number (if you know): N/A

Date of the court's decision:  *N/A*

Result (attach a copy of the court's opinion or order, if available):
N/A

(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:
N/A

**GROUND EIGHT:**    Ineffective Counsel for Failing to Challenge the 924(c) Convictions and Sentence Length

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

Defense counsel failed to challenge whether 924(c) applied in this case as a proper conviction when current law supports the position that a 924(c) conviction does not apply to criminal attempt or aiding and abetting crimes.  In addition, based on the new guidelines that will be in effect on November 1, 2024, the sentence length for 924(c) offenses for multiple counts can qualify as 5 years each and to the extent that the 924(c) offenses are not dismissed then a resentencing on them is necessary.

(b) **Direct Appeal of Ground EIGHT:**

(1)  If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐            ☒

(2)  If you did not raise this issue in your direct appeal, explain why:

Defendant raised the issues regarding the errors of trial court only since the matter was a direct appeal of the trial court errors.

(c) **Post-Conviction Proceedings:**

(1)  Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☒            No ☐

(2)  If you answer to Question (c)(1) is "Yes," state:

GROUND NINE:    Failure to Receive Due Process Under the Law

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Defendant failed to receive Due Process under the law individually, and in totality, when the trial court failed to cure any of the errors raised and when defense counsel failed to require the trial court to address any of the errors raised.

(b) **Direct Appeal of Ground NINE:**

(1)    If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐            ☒

(2)    If you did not raise this issue in your direct appeal, explain why:

Defendant raised the issues regarding the errors of trial court only since the matter was a direct appeal of the trial court errors.

(c) **Post-Conviction Proceedings:**

(1)    Did you raise this issue in any post-conviction motion, petition, or application?    *N/A*

Yes ☐        No ☐

(2)    If you answer to Question (c)(1) is "Yes," state:

AO 243 (Rev. 09/17)

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed:
N/A

Docket or case number (if you know): N/A

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):
N/A

(3) Did you receive a hearing on your motion, petition, or application? *N/A*
Yes ☐      No ☐

(4) Did you appeal from the denial of your motion, petition, or application? *N/A*
Yes ☐      No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal? *N/A*
Yes ☐      No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
N/A

Docket or case number (if you know): N/A

Date of the court's decision: *N/A*

Result (attach a copy of the court's opinion or order, if available):
N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:
N/A

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:
Regarding 924(c), this was not previously presented due to the new law and rulings on this issue that was not known to Defendant at the time.

AO 243 (Rev. 09/17)

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the you are challenging?   Yes ☐   No ☑

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

N/A

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At the preliminary hearing:

N/A

(b) At the arraignment and plea:

Peter Oh, 200 Jefferson, Ste 200, Memphis, TN, 38103

(c) At the trial:

Peter Oh, 200 Jefferson, Ste 200, Memphis, TN, 38103

(d) At sentencing:

Peter Oh, 200 Jefferson, Ste 200, Memphis, TN, 38103

(e) On appeal:

Terrell Tooten, 5744 Rayben Cir, Memphis, TN, 38115

(f) In any post-conviction proceeding:

N/A

(g) On appeal from any ruling against you in a post-conviction proceeding:

N/A

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?   Yes ☐   No ☑

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   Yes ☐   No ☑

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

N/A

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:  N/A

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?   Yes ☐   No ☑

AO 243 (Rev. 09/17)

18.   TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

N/A

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of –

(1)   the date on which the judgment of conviction became final;

(2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

AO 243 (Rev. 09/17)

Therefore, movant asks that the Court grant the following relief:
To dismiss the 924(c) convictions and to vacate the judgments on the remaining convictions

or any other relief to which movant may be entitled.

s/Terrell Tooten
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on   8-2-2024
given to attorney to be filed by ECF.                                    (month, date, year)

Executed (signed) on        8-2-2024              (date)

Malik Willis
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.